IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RENEE SANDIDGE CROWELL,   No. 03:11-cv-00094-HU

        Plaintiff,   ORDER

   v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

        Defendant.

Karen Stolzberg
Attorney at Law
11830 SW Kerr Parkway, #315
Lake Oswego, OR 97035

        Attorney for Plaintiff

Adrian L. Brown
U.S. Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Keith D. Simonson
Social Security Administration
Office of General Counsel
1301 Young Street, Suite A702
Dallas, TX 95202

Nancy A. Mishalanie
Social Security Administration
Office of the General Counsel
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104

        Attorneys for Defendant

HERNANDEZ, District Judge:

    Magistrate Judge Hubel issued a Findings and Recommendation (#20) on September 12, 2012, in which he recommends that this Court affirm the Commissioner's decision to deny Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") to Plaintiff. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

    Plaintiff timely filed objections to the Magistrate Judge's Findings and Recommendation. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); <u>Dawson v. Marshall</u>, 561 F.3d 930, 932 (9th Cir. 2009); <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

    Plaintiff raises the following objections that were previously raised before Magistrate Judge Hubel: (1) Plaintiff's drug abuse was not material to her disability and (2) the ALJ did not give specific and legitimate reasons for giving less weight to Drs. Spendal, Scharf, Allers, and Leung. I have carefully considered Plaintiff's objections and conclude that they do not provide a

basis to modify the recommendation that the Commissioner's decision be affirmed. I have also reviewed the pertinent portions of the record *de novo* and find no error in the Magistrate Judge's Findings and Recommendation.

      Magistrate Judge Hubel correctly concluded that the ALJ did not err in finding that Plaintiff's drug abuse was material to her disability. The record shows that Plaintiff used heroin, cocaine, and marijuana. Plaintiff argues that the impact of the individual drugs on disability should have been examined. Objections F&R, 3. There is no legal authority to support Plaintiff's position. The ALJ was only required to view the impact of Plaintiff's substance abuse on disability. In fact, Plaintiff frequently tested positive for more than one substance, which would have made such an inquiry impossible. Plaintiff further argues that the impact of her marijuana use had no effect on her disability. Plaintiff cites to records describing her symptoms after April 2009, the date she last used marijuana. Objections F&R, 8 ("no evidence that plaintiff used pot after April 2009"). Plaintiff is incorrect about her marijuana use. In August 2009, Plaintiff could not progress in her treatment plan partially because of her continued marijuana use. F&R, 52; Tr. 622.

      Magistrate Judge Hubel also did not err in his assessment of various doctor's opinions. The ALJ gave less weight to Drs. Spendal and Scharf because Plaintiff was not truthful about her substance abuse. Plaintiff argues that the dates of substance use were inconsistent because of her "flawed memory[.]" Objections F&R, 10. The case Plaintiff cites in support is inapposite, as <u>Van Nguyen</u> dealt with an "isolated sentence and mischaracterizing" other statements to create an inconsistency. <u>Van Nguyen v. Chater</u>, 100 F.3d 1462, 1465 (9th Cir. 1996). The ALJ found Plaintiff not credible in her reports of substance use on several occasions.

Plaintiff further argues that Dr. Allers's opinion should have been given more weight and faults the ALJ for preferring the opinions of other doctors. The ALJ discounted Dr. Allers's opinion because it was not well supported by medical signs or laboratory findings. Plaintiff does not address this deficiency in Dr. Allers's opinion.

Finally, Plaintiff argues that the ALJ failed to properly discuss Dr. Leung's opinion. Plaintiff concedes that the ALJ cites to Dr. Leung's opinion, but found the discussion "insufficient." Objections F&R, 12. Plaintiff is incorrect. The ALJ did not merely cite to Dr. Leung's report, but referenced several of Dr. Leung's findings. Tr. 36, 38. Plaintiff's argument that the ALJ failed to address Dr. Leung's opinion is without merit.

## CONCLUSION

The Court adopts Magistrate Judge Hubel's Findings and Recommendation (#20). Accordingly, the Commissioner's final decision is affirmed.

IT IS SO ORDERED.

DATED this 26 day of Dec., 2012.

MARCO A. HERNANDEZ
United States District Judge